UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HILL, | No. 2:16-cv-0739-JAM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFF MACOMBER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. ECF No. 10. For the reasons that follow, the motion must be granted.

**I.     Background**

Petitioner accepts as true the procedural history recited by respondent, which follows. ECF No. 11 at 1.

> On October 2, 2007, a Solano County Superior Court jury convicted petitioner of three counts of kidnapping, Cal. Penal Code § 207(a), four counts of carjacking, id. at § 215(a), one count of kidnapping during the commission of a carjacking, *id*. at § 209.5 (a), one count of second degree robbery, *id*. at §§ 211, 212.5(c), and one count of attempted second degree robbery, *id*. at §§ 211, 212.5(c), 664. Exh. A. The trial court sentenced petitioner to an indeterminate term of seven years to life in prison with the possibility of parole on his conviction for kidnapping during the commission of a carjacking, plus a consecutive ten-year term for his personal use of a firearm during the commission of that offense, Cal. Penal Code § 12022.53(b). The court ordered petitioner to serve a consecutive determinate term of 40 years in prison on the remaining convictions. Exh. A.

1

>Petitioner appealed to the California Court of Appeal. By written opinion filed May 7, 2009, the appellate court rejected petitioner's numerous assignments of error and affirmed the judgment against him. Exh. A.
>
>Petitioner sought rehearing. Exh. B. The appellate court denied the rehearing petition on May 19, 2009. Exh. C. Petitioner did not seek review in the California Supreme Court.
>
>On September 22, 2014, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court, raising several claims, including ineffective assistance of appellate counsel. On October 31, 2014, the superior court denied the petition, on untimeliness grounds. Exh. D (citing *In re Robbins*, 18 Cal. 4th 770, 778 (1998); *In re Clark*, 5 Cal.4th 750, 765; *In re Stankewitz*, 40 Cal. 3d 391, 396 n.1 (1985); *In re Saunders*, 2 Cal. 3d 1033, 1041 (1970)). The superior court found that petitioner had failed to establish an exception to the state law bar against the presentation of delayed habeas corpus claims. Exh. D (citing *Clark*, 5 Cal. 4th at 797-98).
>
>On July 27, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Exh. E. On August 7, 2015, that court denied the habeas petition as follows: "The petition for writ of habeas corpus filed in this court is denied, for the reasons expressed by the superior court in its October 31, 2014, 'Order Denying Petition for Writ of Habeas Corpus.'" Exh. F.
>
>On September 14, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising multiple issues, including an allegation of ineffective assistance of appellate counsel. Exh. G. The state high court denied the petition on January 20, 2016, with a citation to *Robbins*, 18 Cal. 4th at 780. Exh. H.
>
>As stated, petitioner filed his federal habeas petition in this Court on April 11, 2016. ECF Document No. 1.

ECF No. 10 at 2-3.

**II.     The Limitations Period**

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). There is no argument here that the limitations period should be based § 2244(d)(1)(B), (C), or (D) (the

2

second, third, and fourth provisions just described).  Accordingly, the court must compute the limitations period beginning on the date that petitioner's judgment became final on direct review or the expiration of the time for seeking direct review, subject to the tolling principles explained below.

### a. **<u>Statutory Tolling</u>**

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . .." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law).

A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

A petitioner may be entitled to statutory tolling for the time that additional rounds of state habeas petitions are pending (provided they were filed prior to the expiration of the limitations period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79 (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).  For tolling to be applied based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly successive. *Porter*, 620 F.3d at 958.

**b. <u>Equitable Tolling</u>**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

**c. <u>The Equitable Exception for Innocence</u>**

In addition, the statute of limitations is subject to an actual innocence exception.[1] A petitioner may have his untimely filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him. *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id.*

**III.   Analysis**

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA. For the reasons that follow, the undersigned agrees.

The California Court of Appeal denied petitioner's direct appeal on May 7, 2009. ECF No. 10 at 37. Petitioner asked the court for rehearing, which it denied on May 19, 2009.

---

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

4

Petitioner elected not to seek direct review of his conviction in the California Supreme Court, so his conviction became final for purposes of the federal habeas limitations period when the time for seeking such review expired.  Under the California Rules of Court, that date fell 40 days from the date of the denial of petitioner's appeal, on June 16, 2009.  Cal. R. Ct. 8.366(b)(1) & 8.500(e)(1).  The one-year federal limitations period began the following day, and expired on June 16, 2010, over five years prior to the start of this action.

### a. Statutory Tolling

Under AEDPA, the federal limitations period is tolled during times in which "a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).  Petitioner's state habeas petitions were filed outside the federal limitations period, however, beginning in September 2014.  ECF No. 10 at 50-57.  State petitions filed after the expiration of the federal limitations period cannot toll the limitations period.  *Ferguson*, 321 F.3d at 823.  Thus, this case presents no grounds for statutory tolling.

### b. Equitable Tolling

Petitioner argues that the limitations period should be equitably tolled, because his appellate counsel wrote to him on May 20, 2009 that further appellate efforts would be fruitless and that plaintiff's case did not present any federal questions that could support a federal habeas petition.  ECF No. 11 at 5.  His suggestion is that the conduct of his appellate attorney should somehow excuse the delay that resulted in the untimely filing of this action.  Attorney conduct that is "egregious" and amounts to more than "excusable neglect" can constitute an "extraordinary circumstance" justifying equitable tolling.  *Holland*, 560 U.S. at 651-52.  However, even if the court were to agree (which it does not) with petitioner that his attorney's professional opinion regarding the merits of and bases for further review was such an extraordinary circumstance, petitioner must also show that he has been pursuing his rights diligently.  As respondent points out, the attorney provided the advice to petitioner over six years before he filed his federal petition.  Petitioner has not explained why it took him so many years to file the federal petition or what he did during those years to diligently pursue his rights.  Instead, he states simply that the attorney's advice "discouraged" him.  ECF No. 11 at 5.  Petitioner bears a very high burden to

present facts that justify tolling the limitations period, and he has failed to meet that burden. Accordingly, the court should decline petitioner's request to equitably toll the limitations period.

### c. The Equitable Exception for Innocence

In his opposition to the instant motion, petitioner presents no argument or evidence that he is actually innocent of the crimes for which he was convicted. As set forth above, the equitable exception to AEDPA's limitations period for innocence may be applied only where the petitioner makes a showing sufficient to convince the court that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. at 1935. Petitioner has made no such showing.

## IV. Recommendation

As the petition is untimely and petitioner has failed to present facts that would justify tolling the limitations period, it is RECOMMENDED that respondent's May 26, 2016 motion to dismiss (ECF No. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE